UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/09
```

NEW YORK CIVIL LIBERTIES UNION,

　　　　　　　　　　Plaintiff,

-v-

NEW YORK CITY TRANSIT AUTHORITY, *et al.*,

　　　　　　　　　　Defendants.

No. 09 Civ. 3595 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

　　The Court is in receipt of a letter written on behalf of the Association of the Bar of the City of New York (the "Association"), dated May 21, 2009, requesting permission to submit an amicus brief "discussing the First Amendment issues presented by the New York Civil Liberties Union's lawsuit." The Court is also in receipt from a letter from Defendants, dated May 22, 2009, responding to the Association's request.

　　A district court has broad discretion to grant or deny an appearance as amicus curiae in a given case. *United States v. Ahmed*, 788 F. Supp. 196, 198 n. 1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992). The customary role of an amicus is "to aid the court and offer insights not available from the parties." *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n. 1 (S.D.N.Y.1994). "Amici curiae may also be appropriate where a party's interest are not adequately represented by counsel." *Esther Sadowsky Testamentary Trust Derivatively ex rel. Home Loan Mortg. Corp. v. Syron*, No. 08 Civ. 5221 (BSJ), 2009 WL 1285982, at *3 (S.D.N.Y. May 6, 2009). The Association has offered no explanation as to why this amicus brief is appropriate in light of this standard, or why

the New York Civil Liberties Union cannot adequately represent Plaintiff's interests in this case.

Accordingly, the Association's request is denied.

SO ORDERED.

Dated:   May 22, 2009
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE